IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| SHEENA YARBROUGH, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | |
| DECATUR HOUSING ) | |
| AUTHORITY, ) | |
| ) | |
| Defendant ) | |

## COMPLAINT

COMES NOW the Plaintiff, Sheena Yarbrough, and complains against the Defendant for declaratory, injunctive and other relief as follows:

### JURISDICTION

1. Plaintiff, Sheena Yarbrough, is over the age of nineteen years and is a resident of Morgan County, Alabama.

2. Defendant, the Decatur Housing Authority (hereinafter referred to as "DHA"), is a public corporation organized and existing pursuant to the laws of the State of Alabama, with its principal place of business in Decatur, Morgan County, Alabama.

3. This is a complaint seeking declaratory and other relief for deprivation of rights guaranteed to the Plaintiff by 42 USC 1437, the 5th and 14th Amendments to the Constitution, and 42 USC 1983. The Court has jurisdiction under 28 USC 2201 and 2202, 28 USC 1331 and 1343 (a)(3)(4).

4. At all times hereto, Plaintiff was a participant in a public housing program administered by Defendants pursuant to the United States Housing Act, as amended, 42 USC 1437.

### FACTUAL ALLEGATIONS

5. Plaintiff was a participant in the Housing Assistance program pursuant to Section 8 of the U.S. Housing Act of 1937, 42 USC 1437f (hereinafter referred to as "Section 8") as provided by the Department of Housing and Urban Development (hereinafter referred to as "HUD").

6. Under the Section 8 Voucher Program, low income families are given vouchers to assist with rental payments. The recipient is allowed to use these vouchers at any location approved by the housing authority. The Section 8 program is administered by local public housing authorities, such as DHA, which enter into Annual Contributing Contracts (hereinafter referred to as ACCs)

with HUD. Pursuant to the ACCs, subsidies compensate private landlords for the difference between the rent a tenant can afford and the market rental rate. HUD's regulations for the Section 8 program are in 24 CFR 982.

7. On or about October 8, 2015 the DHA placed in the regular United States mail a notice to the Plaintiff which advised her that her Section would be terminated effective November 30, 2015. See Exhibit "A."

8. Based on this notice the Plaintiff requested a hearing.

9. At the Plaintiff's request an informal hearing was held on November 10, 2015 at the DHA's office. Those present were the Plaintiff, the undersigned attorney, Kenyetta Gray, the Plaintiff's DHA caseworker, and Mr. James Mason, the Hearing Officer. The DHA failed to present any non-hearsay evidence of their allegations and there were no witnesses to any violation. Furthermore, no fair hearing officer was provided and the hearing decision does not comply with applicable federal law and regulations.

10. After the hearing the hearing officer issued a decision upholding the DHA's decision See Exhibit "B."

11. The DHA failed to meet its required burden of proof to terminate the Plaintiff's benefits.

12. Defendant has stated they will continue to make the Housing Assistance Payments (hereinafter referred to as "HAP") to the landlord on Plaintiff's behalf until December 31, 2015.

13. Plaintiff has exhausted all administrative remedies as of December 23, 2015.

## DEFENDANT'S ALLEGED VIOLATIONS OF HUD REGULATIONS AND REQUIREMENTS

14. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 13 of her complaint as through fully set forth therein.

15. The termination of housing assistance payments is based upon reasons not authorized by the Act or the regulations governing the program is without any legal authority and is therefore arbitrary and capricious and violates the Plaintiff's right to due process of law under the Fourteenth Amendment of the Constitution.

16. The DHA failed not only to provide any non-hearsay evidence.

17. Pursuant to HUD regulations, the Housing Authority must provide a hearing with an impartial hearing officer. Defendants, in this case, failed to provide an impartial hearing officer.

18. The hearing officer's decision was based completely on hearsay evidence without any legal or factual support.

## DEFENDANT'S ALLEGED VIOLATIONS
## OF DENIAL OF DUE PROCESS

19. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18 of her complaint as through fully set forth therein. This Cause of Action is brought to 42 U.S.C. § 1983 and the United States Constitution, in particular but not limited to, the Fifth and Fourteenth Amendments thereto.

20. The above-described acts and omissions of Defendants, and each of them, violated Plaintiff's rights pursuant to 42 U.S.C. § 1983 because Defendants terminated Plaintiff's housing assistance payments without providing her with due process, and denied her adequate notice or a meaningful opportunity to be heard.

21. As a direct and proximate result of the acts, omissions, and violations alleged above, Plaintiff suffered damages due to mental anguish in an amount to be proven at trial.

22. Plaintiff also seeks declaratory relief to remedy her loss of a housing subsidy that was wrongfully terminated as a result of Defendant's unlawful acts.

## PLAINTIFF'S CLAIM FOR RELIEF

Wherefore the Plaintiff requests that this Court enter the following relief:

23. Assume jurisdiction over this matter.

24. Enter a preliminary injunction prohibiting the Plaintiff's eviction pending the outcome of this matter.

25. Permanently enjoin Defendant from terminating the Plaintiff's housing for her alleged non-compliance of the program.

26. Plaintiff seeks declaratory relief under 28 USC 2201; a compensatory damages and equitable relief under 42 USC 1983; costs of court; and such other relief as may be just and proper to redress Defendant's deprivation of Plaintiff's rights under the U.S. Housing Act of 1937, 42 USC 1437, and her constitutional right to due process secured by the 5th and 14th Amendments to the U.S. Constitution. Plaintiff seeks to restore those benefits retroactive to the date of termination.

27. As a proximate result of the unlawful and unconstitutional acts and omissions of the Defendants, Plaintiff has been threatened with being wrongfully deprived of her housing and she has suffered mental anguish.  The injuries to Plaintiff resulting from the Defendant's violations of Plaintiff's rights are substantial, immediate, and irreparable.

28. Award the Plaintiff's attorneys' fees.

29. Tax costs to Defendant.

30. Grant Plaintiff such other and further relief deemed just and proper.

>Respectfully Submitted:
>
>*Michael Forton*
>Michael Forton
>Attorney for the Plaintiff
>Legal Services Alabama
>1115-F Church Street
>Huntsville, Alabama 35801
>(256) 536-9645, ext. 3319