IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| SHEENA N. YARBROUGH, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | CIVIL ACTION NO: 5:15-cv-02325-AKK |
| DECATUR HOUSING AUTHORITY, | ) | |
| Defendant | ) | |

## MOTION FOR PRELIMINARY INJUNCTION

COMES NOW the Plaintiff, Sheena Yarbrough, by and through her attorney of record, Michael Forton, and moves this Court to grant this her motion for a preliminary injunction. As grounds therefore, the Plaintiff states the following in support of said motion:

### Introduction

1. The Plaintiff (hereafter "Yarbrough") filed a verified complaint against the Decatur Housing Authority (hereafter "DHA") with this court on December 23, 2015. In said complaint, the Plaintiff requested declaratory and injunctive relief. The verified complaint specifically requested preliminary injunctive relief.

2. Yarbrough maintains that her claim against DHA is valid. The DHA has clearly violated Yarbrough's due process rights by wrongfully terminating her section 8 benefits as she plead in some detail in here previously filed verified complaint. The complaint not only contains all the relevant facts but also incorporates numerous legal authorities supporting her complaint against the housing authority. The Plaintiff directs the court to said verified complaint and hereby re-

alleges and incorporates herein all maters, facts, evidence, and legal authorities contained therein.

3. Yarbrough further attaches and incorporates her affidavit regarding the urgency of this relief in support of this motion for preliminary injunctive relief. See Exhibit "A."

4. To secure a preliminary injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. See Badri v. Mobile Housing Board, 2011 U.S. Dist. LEXIS 93767 (S.D. Ala. 2011); Carter v. Montgomery Housing Authority, 2009 U.S. Dist. LEXIS 102352 (M.D. Ala. 2009); Taylor v. Decatur Housing Authority, 2009 U.S. Dist. LEXIS 132109 (N.D. Ala. 2009).

## Substantial Likelihood of Success

5. DHA based its termination of Ms. Yarbrough's benefits on Ms. Yarbrough's alleged violation of her family obligations under the Code of Federal Regulations, specifically that she committed "drug-related criminal activity."

6. In the hearing the only evidence offered regarding Yarbrough's alleged drug-related criminal activity was copies of two indictments. To rebut this evidence Yarbrough stated that the accusations were false and produced an order of the court indicating that the charges against her were in the process of being dismissed upon payment of court costs. See Exhibits "B" and "C."

7. In Alabama grand jury proceedings are done in secret according to statute. *See* Ala. Code 12-16-214. The task of the grand jury is not to determine the guilt a party but to determine whether or not the State has can demonstrate a prima facie case to move forward to a trial. State ex rel. Baxley v. Strawbridge, 296 So. 2d 779 (1974). A grand jury may indict on the hearsay testimony of single witness who is not subject to cross-examination. McLaren v. State, 353 So. 2d 24 (Ala. Crim. App. 1977).

8. In the hearing officer's decision the DHA has failed to address how the hearsay statements in the indictments can overcome the Plaintiff's testimony at the hearing. *See* <u>Lane v. Fort Walton Beach Housing Authority</u>, 518 Fed. Appx. 904 (11th Cir. Fla. 2013) (where the Eleventh Circuit remanded a Section 8 termination when the Housing Authority relied on an address provided to the sex offender registry); <u>Basco v. Machin</u>, 514 F.3d 1177 (11th Cir. Fla. 2008) (where the Eleventh Circuit remanded a Section 8 termination when the Housing Authority relied on two police reports - one which didn't state how long alleged guest lived in home and another which was self-contradictory because the name was different); <u>Sanders v. Sellers-Earnest</u>, 768 F. Supp. 2d 1180 (M.D. Fla. 2010) (where a Florida District Court granted a preliminary injunction reinstating a voucher holder's benefits when the Housing Authority had relied on a man's statement in a police report that the property was his residence in contradiction to the voucher holder's statement that they were lovers and that he stated over only occasionally).

9. In each of these cases – <u>Lane</u>, <u>Basco</u> and <u>Sanders</u> - the courts have focused on the facts that: 1.) That the voucher holder was unable to cross-examine the purported witness and 2.) That without proof of any specific violation the Housing Authority has failed to meet its initial burden of persuasion at an administrative hearing.

10. DHA's discretion to deny or terminate Section 8 assistance to a participant is defined and limited by federal regulations. *See* 24 C.F.R. §§ 882.210. Termination decisions must be made in accordance with these regulations. *See*, e.g., <u>Ellis v. Ritchie</u>, 803 F.Supp. 1097 (E.D. Va. 1992); <u>Hill v. Richardson</u>, 740 F. Supp. 1393 (S.D. Ind. 1990); <u>Holly v. Housing Authority of New Orleans</u>, 684 F. Supp. 1363 (E.D. La. 1988).

11. Although hearsay may be admissible in administrative hearing there are due process limits on the extent to which an adverse administrative determination may be based on hearsay evidence. *See* <u>Lane v. Fort Walton Beach Housing Authority</u>, 518 Fed. Appx. 904 (11th Cir. 2013).

12. Where an administrative decision, purportedly based on a specific regulatory provision, does not comport with those regulatory provision, the decision is "otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

13. In terminating Yarbrough's benefits the only evidence relied upon by the DHA was the two indictments. See Exhibit "D."

14. Pursuant to recently issued guidance from the Department of Housing and Urban Development which reviewed current case law on the matter a Public Housing Agency may not terminate a Section 8 recipient based solely on an arrest. See Exhibit "E." Pursuant to HUD guidance the PHA must produce sufficient evidence to satisfy the "preponderance of the evidence." Yarbrough contends that as a matter of law an unsupported grand jury indictment is therefore not sufficient evidence to support the termination of Yarbrough's benefits.

## Other Preliminary Injunction Factors

15. In another recent case regarding this issue in the Northern District, the Court noted in reviewing a request for a preliminary injunction that

> "while defendant might suffer some harm if a preliminary injunction is granted — because defendant would have to pay plaintiff's benefits when she might not be entitled to them, and because other Section 8 participants might perceive defendant's policy prohibiting drug-related activity to have become less stringent — plaintiff will suffer greater harm (homelessness) if an injunction does not issue. Similarly, while the public does have some interest in not providing housing assistance to individuals who are engaging in drug activity, the public also has an interest in ensuring that individuals receiving public assistance are not rendered homeless without being provided due process. Thus, the only real dispute is with regard to the first requirement for injunctive relief, plaintiff's likelihood of success on the merits of her underlying claims." Taylor v. Decatur Housing Authority, 2009 U.S. Dist. LEXIS 132109, 7-9 (N.D. Ala. 2009).

## Security Under Rule 65(c)

16. As illustrated by the In Forma Pauperis affidavit previously Yarbrough is not currently able to post any meaningful security.

17. Yarbrough should still, however, be entitled to preliminary injunction as numerous courts have ruled that the court great discretion to grant injunctive relief without requiring bond or other security under Rule 65(c) when a movant is indigent and requiring such security would effectively bar them from relief. *See* Johnson v. Board of Police Commissioners, 351 F. Supp. 2d 929, 952 (E.D. Mo. 2004).[1]

18. In fact, in four recent cases requesting temporary injunctions to maintain Section 8 vouchers courts in the 11th Circuit have held that no security should be required prior to reinstating voucher benefits. *See* Badri v. Mobile Housing Board, 2011 U.S. Dist. LEXIS 93767 (S.D. Ala. 2011) (where the court stated that numerous appellate courts and districts court have waived security for indigent plaintiffs and the court elected to require no security at all); Carter v. Montgomery Housing Authority, 2009 U.S. Dist. LEXIS 102352 (M.D. Ala. 2009) (where the court noted that it was exercising its discretion to waive the requirement of payment of security due to plaintiff's indigency); Johnson v. Fort Walton Beach Housing Authority, 2012 U.S. Dist. LEXIS 189955 (N.D. Fla. Jan. 5, 2012) (where court waived security finding that the plaintiff was indigent and had been permitted to proceed in forma pauperis); Yarbrough v. Sellers-Earnest, 768 F. Supp.2d 1180, 1188 (M.D. Fla. 2010) (where the noted that the plaintiff was indigent in waiving the requirements of 65(c)).

19. In considering a similar issue, the amount of bond due on appeal from an unlawful detainer in Alabama state court, the Alabama Court of Civil Appeals has stated that to require a subsidized tenant to post the portion of rent which was subsidized would be inherently unfair stating it, "would be to effectively deny her right to appeal, because it is clear that such a person does not have the means to pay the total amount of her rent. [The tenant's] amended lease

---

[1] In Johnson the court stated, "Federal Rule of Civil Procedure 65(c)'s instruction that "no restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper" has long been interpreted to mean that a district court has discretion to grant injunctive relief without requiring bond or other security, especially when doing so would function to bar poor people from obtaining judicial redress. *See*, e.g., Doctor's Assocs., Inc. v. Stuart, 85 F.3d 975, 985 (2d Cir. 1996); Kaepa, Inc. v. Achilles Corp., 76 F.3d 624, 628 (5th Cir. 1996); Miller v. Carlson, 768 F. Supp. 1331 (N.D. Cal. 1991); Brown v. Artery Org., Inc., 691 F. Supp. 1459, 1462 (D. D.C. 1987). In this case, most Plaintiffs are homeless, and all appear to lack sufficient resources from which to provide security. Requiring a bond in this case would effectively function to bar Plaintiffs from obtaining injunctive relief. Therefore, the Court will grant injunctive relief without requiring bond or other security."

contract with [the landlord] provides that she owes zero for rent on the apartment. It is clear that [the landlord] recognized that [the tenant] was indigent when it accepted her as a tenant under the provisions of Section 8." Lovejoy v. Intervest Corporation, 794 So. 2d 1205, 1208 (Ala. Civ. App. 2001)

Request for Relief

20. Yarbrough seeks an immediate hearing on her motion and petition for preliminary injunctive relief because she is facing eviction due to the DHA's failure to maintain her section 8 housing benefits.

WHEREFORE PREMISES CONSIDERED, the Plaintiff prays that this honorable court will set this matter for an immediate hearing and grant her motion for preliminary injunctive relief requiring the DHA to continue to provide the Plaintiff her section 8 benefits during the pendency of this action, and for such other and further relief to which she may be entitled:

Respectfully Submitted:

*/s/ Michael Forton*
Michael Forton
Attorney for the Plaintiff
Legal Services Alabama
1115-F Church Street
Huntsville, Alabama 35801
(256) 536-9645, ext. 3319

CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing on the Defendant's attorneys by electric filing this February 25, 2016.

*/s/ Michael Forton*
Michael Forton