IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| SHEENA N. YARBROUGH, | ) |
| Plaintiff | ) ) ) |
| v. | ) CIVIL ACTION NO: 5:15-cv-02325-AKK |
| DECATUR HOUSING AUTHORITY, | ) ) ) ) |
| Defendant | ) |

**PLAINTIFF'S REQUEST FOR RECONSIDERATION REGARDING
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

The Plaintiff hereby respectfully moves for reconsideration of the "Order" entered herein on April 6, 2106 regarding the Preliminary Injunction requested by the Plaintiff. As grounds therefore, Plaintiffs respectfully assert that the Court's opinion fails to explain the combined effect of the case law of the Eleventh Circuit regarding the dispositive issues in this case and the burden of proof requirements of 24 C.F.R. § 982.555(e)(6).  The Court's failure to address this analysis in its Order seems to indicate that the Court's decision is predicated upon an erroneous legal standard. The Plaintiff therefore requests a reconsideration regarding Plaintiff's Motion for Preliminary Injunction or a more full explanation of

1

the rationale applied which would allow any appellate body reviewing the Order to determine the analysis applied by the Court.

**MEMORANDUM IN SUPPORT OF REQUEST**

1. Courts in the Eleventh Circuit have a fairly well-developed and recent series of cases regarding the use of hearsay in Section 8 voucher termination hearings. In each of these cases the courts have held that the uncorroborated hearsay evidence offered was insufficient to deprive the voucher holder of their benefits. *See* <u>Basco v. Machin</u>, 514 F.3d 1177 (11th Cir. Fla. 2008) (where the Eleventh Circuit remanded a Section 8 termination when the Housing Authority relied on two police reports - one which didn't state how long alleged guest lived in home and another which was self-contradictory because the name was different); <u>Lane v. Fort Walton Beach Housing Authority</u>, 518 Fed. Appx. 904 (11th Cir. Fla. 2013) (where the Eleventh Circuit remanded a Section 8 termination when the Housing Authority relied on an address provided to the sex offender registry); <u>Ervin v. Housing Authority of Birmingham</u>, 281 Fed. Appx. 938 (11th Cir. 2008) (where the Eleventh Circuit remanded a Section 8 termination when the evidence offered was a letter from the police, a witness statement which was inconclusive and the lawyers summary of discussions they had with the police); <u>Sanders v. Sellers-Earnest</u>, 768 F. Supp. 2d 1180 (M.D. Fla. 2010)

2

(where a Florida District Court granted a preliminary injunction reinstating a voucher holder's benefits when the Housing Authority had relied on a man's statement in a police report that the property was his residence in contradiction to the voucher holder's statement that they were lovers and that he stated over only occasionally); <u>Taylor v. Decatur Housing Authority</u>, 2010 U.S. Dist. LEXIS 144770 (N.D. Ala. 2010) (where the Alabama District Court found that the Housing Authority's attempt to shift the burden of persuasion to the voucher holder by producing a hearsay newspaper article regarding an arrest was a violation of due process and reinstated the individual's benefits).

    2. Each of these cases has also acknowledged that a Public Housing Authority "has the burden of persuasion **and must initially present sufficient evidence to establish a prima facie case**" at an administrative hearing.  See <u>Basco v. Machin</u>, 514 F.3d 1177 (11th Cir. 2008). In this case the only evidence offered by the Housing Authority to meet that burden is the indictment. To the extent that the law requires the Defendant to present a prima facie case it defies logic for them to assert that part of their case was her silence, her demeanor or her testimony when they elected not to question her on the matter.

3. In the Court's order and in open court this Court indicated that it was relying upon, "the Hearing Officer's evaluation of the plaintiff's demeanor" as additional evidence to support the hearing officer's decision. It is unclear how the hearing officer could evaluate or make determinations about the Plaintiff's guilt or innocence since (as the Defendant has repeatedly pointed out) she did not discuss any of the facts regarding the allegations.[1] The Plaintiff's statements on this matter largely regarded the procedural nature of the court case and are undisputed.

4. The only way that the Hearing Officer could use his observation of the Plaintiff to determine her guilt was if she simply looked so guilty that he could simply determine her guilt without having her speak about the issue. Such a determination would not only be unreliable but is also appears substantially similar to the "sit and squirm" test regarding Social Security applicants. *See* <u>Wilson v. Heckler</u>, 734 F.2d 513 (11th Cir. 1984) (where the Eleventh Circuit stated that although it was within the providence of an administrative hearing officer to evaluate testimony they many not independently draw their own conclusions about a Social Security

---

[1] As noted in the Plaintiff's Memorandum, the Plaintiff was asked if she had given the Housing Authority a letter denying the accusations and asked for a hearing and she says, "Yes." (Doc. 20). The Plaintiff went on to refute the only evidence offered by the Housing Authority, the indictment, by demonstrating that the case is in the process of being dismissed which was unopposed.

applicant's pain simply by observing them without using medical information).

    5. The Code of Federal Regulations section related to the hearing decision (24 CFR 982.555(e)(6)) requires that, "The person who conducts the hearing must issue a written decision, **<u>stating briefly the reasons for the decision</u>**. Factual determinations relating to the individual circumstances of the family shall be based on a preponderance of the evidence presented at the hearing. A copy of the hearing decision shall be furnished promptly to the family."

    6. Although the hearing officer does state the reasons for his decision at fairly good length he does not mention any indication that the Plaintiff's behavior or demeanor played any part in his decision. In his decision it is clear that the only evidence he reviewed on this matter was the indictment offered by the Defendant. Although his reasoning is not spelled out in great detail it appears that he believes that a criminal conviction requires proof beyond a reasonable doubt that the decision to indict but not prosecute necessarily is proof

    7. In the hearing officer's decision he notes that he reviewed the indictment offered by the housing authority. He incorrectly states that another hearing officer had heard a previous case (he was the hearing officer

5

at the previous case). The hearing officer also incorrectly states that a previous hearing officer's decision had been nullified by a federal court for failing to provide sufficient advance notice of documents used in a prior hearing. Although there has been a prior federal filing involving the Plaintiff and Defendant it was resolved shortly after being filed by the agreement of the parties and involved neither the issue of advanced notice nor any criminal conduct. To the extent that hearing officer appears to have relied upon these two facts he is not only entertaining issues that were not presented to him at the hearing but also issues which neither party could agree are true.

    8. In all of the Eleventh Circuit cases cited by the Plaintiff – Basco, Lane, Ervin, Sanders and Taylor - the courts have focused on the facts that: 1.) That the hearsay evidence raised serious questions about the validity of the underlying facts (mostly due to inability to cross-examine witnesses) that it was offered to prove and 2.) Based on the underlying weakness of the evidence the Housing Authority has failed to meet its burden at the hearing.

    9. In each of the cases cited in the Eleventh Circuit the voucher holder did testify at their own hearing and are therefore not distinguishable on the basis that the hearing officer could observe the voucher holder's demeanor.

10. Even the case cited by the Defendant in this matter, Costa v. Fall River Housing Authority, 903 N.E.2d 1098 (2009), for the proposition that hearsay should be allowed at Section 8 termination hearings states that "unattributed, multi-level, and conclusory hearsay evidence" should not be relied upon. In this case there is no indication of who the unknown informant was (unattributed), whether he had any direct proof or was repeating statements from an information (multi-level) and it does not offer any of the underlying facts only the (conclusory) proposition of fact that the Plaintiff had committed a drug-related offense.[2]

11. It is worth noting that in Costa as well that court did not the observation of the voucher holder could be used as sufficient evidence to corroborate that hearsay.

12. Since it would appear that the Court's decision to rely on the hearing officer's observations of demeanor does not distinguish this case and the operable facts – a termination supported only conclusory hearsay – are indistinguishable from numerous other cases in the Eleventh Circuit the Plaintiff would request that the Court either grant a re-hearing on this matter

---

[2] As previously noted, Alabama grand jury proceedings are done in secret according to statute. See Ala. Code 12-16-214. The task of the grand jury is not to determine the guilt a party but to determine whether or not the State has can demonstrate a prima facie case to move forward to a trial. State ex rel. Baxley v. Strawbridge, 296 So. 2d 779 (1974). A grand jury may indict on the hearsay testimony of single witness who is not subject to cross-examination. McLaren v. State, 353 So. 2d 24 (Ala. Crim. App. 1977).

or issue a more full explanation of whether or not the court rejects this line of cases or somehow distinguishes them from the current case.

## CONCLUSION

The Court should grant this motion for reconsideration, vacate the April 6, 2016 order, and proceed accordingly.

Respectfully Submitted:

/s/ Michael Forton
Michael Forton
Attorney for the Plaintiff
Legal Services Alabama
1115-F Church Street
Huntsville, Alabama 35801
(256) 536-9645, ext. 3319

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing on the Defendant's attorneys by electric filing this April 25, 2016.

/s/ Michael Forton
Michael Forton